UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID TODD COPPING                        CIVIL ACTION

VERSUS                                    NO.  03-1319

HARRY LEE, ET AL.                         SECTION "R" (4)


ORDER AND REASONS

This is an action for a violation of prisoner civil rights under 42 U.S.C. § 1983.  Before the Court is a motion for summary judgment filed by defendants Darren C. Morrie, Richard E. Broussard, and Richard Robinson.  For the following reasons, the Court DENIES the defendants' motion.


I.    BACKGROUND

On June 12, 2002, David Todd Copping was arrested by Jefferson Parish deputies for indecent behavior with a juvenile and attempted simple kidnapping.  He later pleaded guilty and was sentenced to three years in prison.  According to Copping's

testimony at a hearing before Magistrate Judge Karen Wells Roby, the intended victim of this crime was the daughter of a police officer.  On May 12, 2003, Copping filed a prisoner civil rights complaint under 42 U.S.C. § 1983 against Harry Lee, Sheriff of Jefferson Parish; Darren C. Monie, Deputy Sheriff of Jefferson Parish; and Richard E. Broussard, Deputy Sheriff of Jefferson Parish.  In a later amended complaint, Copping added Richard Robinson, Deputy Sheriff of Jefferson Parish, as a defendant.  In his complaint, Copping alleged a series of § 1983 violations in connection with his arrest and booking.  The violations fall generally into three categories: (1) loss of property; (2) inadequate medical care; and (3) excessive force by the arresting and booking deputies.

In his loss of property claim, Copping alleged that the arresting deputies took from him $580.00 and a bandana, broke the locks on his truck's toolbox, and refused to give him an inventory of other items taken from his truck, including weapons and ammunition.  In his inadequate medical care claim, Copping asserted that he received only painkillers immediately following his arrest, despite having sustained several serious injuries during his arrest.  These injuries allegedly included an arm or shoulder injury, bloody wrists, back trauma leading to a herniated disc, chipped front teeth, cracked fillings in his

2

teeth, bleeding from his mouth, and a loss of feeling in both legs.

In his excessive force claim, Copping alleged that Monie, Broussard, and Robinson participated in physical abuse during his arrest on June 12, 2002.  Copping averred that the abuse began when one of the arresting deputies kicked him repeatedly in the face.  Another officer later hit him in the mouth twice and the head three times with a key ring.  According to Copping, Deputy Monie then put his nightstick between Copping's handcuffed hands and twisted the nightstick until Copping's shoulder popped. Thereafter, Copping claims that the arresting deputies slammed his face on the trunk of a police car and hit his handcuffs with a nightstick, causing the handcuffs to tighten and bloody Copping's wrists.  The officers, including Deputy Monie, then allegedly hit Copping in the lower back twice with a nightstick, causing Copping to fall to the ground.  Copping claims that Monie and another officer then elbowed him in the face repeatedly, chipping his front teeth and cracking his fillings.  Then, Monie allegedly placed a seatbelt around Copping's neck until Copping passed out.  Copping alleges that he was bleeding when booked and interrogated, and that the beating caused him to lose feeling in both of his legs.

3

Documentary evidence submitted by the defendants indicates that the Jefferson Parish Correctional Center processed Copping on June 13, 2002. (R. Doc. 73-6 at Ex. 3). At that time, Copping complained of a headache, dizziness, and blurred vision. *Id.* at Ex. 4. Copping further indicated that he was not hurt or injured at the time that he signed a "Health Screening Form." *Id.* Copping did, however, state that he had been hit in the head "with [an] elbow and fist." *Id.* Records show that Copping received a medical screening on June 16 or 17, 2002. *Id.* at Ex. 5. The examiner filled out a checklist of medical questions. The first question was whether Copping had a current illness or injury. The examiner circled "Yes" and wrote next to the entry "sinus congestion." *Id.* Under the heading of "Physical Assessment," the examiner circled "Yes" next to "no obvious lesions/injury." *Id.* The examiner then circled "Yes" to indicate that there were "No . . . defects, discharges, swelling" around the head, eyes, ears, nose, and throat. *Id.* The examiner also circled "Yes" to indicate that there was no tenderness in Copping's abdomen, no vetabral or joint pain, and no paralysis or loss of sensation. *Id.* In addition, Copping's "Patient Profile" shows that he received medical treatment for sinus congestion but not for any other injuries or ailments. *Id.* at Ex. 6. The affidavit by Lieutenant Gary Cook of the Jefferson Parish

4

Sheriff's Office, submitted in support of defendants' motion for summary judgment, substantially supports this version of the facts. (R. Doc. 73-5). The affidavit also demonstrates that JPSO policy does not permit the housing of injured arrestees, but rather directs officers to take the arrestee to a medical facility. *Id.*

The psychologist and psychiatrist appointed to assist the state court in which Copping was prosecuted detailed his questionable psychiatric status in a November 13, 2002 letter to the court. (R. Doc. 73-6 at Ex. 12). At the time, Copping claimed to be working nearly 24 hours a day. *Id.* The doctors stated that "[t]he veracity of this individual's history is certainly subject to some degree of question." *Id.* As such, Copping was found not competent to stand trial on December 4, 2002. *Id.* at Ex. 13.

Copping wrote several letters regarding his arrest and alleged abuse to the Internal Affairs Division of the Jefferson Parish Sheriff's Office. *Id.* at Ex. 7-9. The letters prompted an investigation that determined that "there was no credible basis for a criminal investigation into Mr. D. Copping's complaint." *Id.* at Ex. 8. As a result, the Internal Affairs Division found Copping's complaint to be without merit. *Id.*

On July 22, 2003, United States Magistrate Judge Karen Wells

5

Roby held a *Spears* hearing on Copping's claims by telephone.  On September 22, 2003, Magistrate Judge Roby submitted a partial report and recommendation on Copping's claims.  In that report, Magistrate Judge Roby made the following recommendations: (1) that Copping's § 1983 claims that he was denied adequate medical care be dismissed without prejudice as frivolous and for otherwise failing to state a claim for which relief can be granted under 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e; (2) that Copping's § 1983 claims for deprivation of property be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e; (3) that Copping's 1983 claims against Sheriff Harry Lee be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e; and (4) that Copping's § 1983 claims of excessive force against Darren C. Monie and Richard E. Broussard be allowed to proceed forward for further consideration.  On October 28, 2003, this Court adopted the report and recommendations and dismissed all of Copping's claims except his excessive force claim against Monie and Broussard.  Because the later amended complaint added Robinson as a defendant, Copping's remaining claim is for excessive force against Monie, Broussard, and Robinson.

II.   **SUMMARY JUDGMENT**

**A. Legal Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish that a genuine issue exists for trial. *See Id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

7

The Fifth Circuit has held that courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

**B.   Discussion**

Viewing the evidence in the light most favorable to Copping, and drawing all inferences in his favor, the defendants are not entitled to summary judgment under Rule 56.  The defendants have submitted substantial evidence to rebut Copping's allegations of injury.  Evidence exists to cast serious doubt on the credibility of Copping's story.  The only obstacles to summary judgment are Copping's statements during processing at JPCC that he had been struck by an elbow and a fist, and that he was experiencing a headache, dizziness, and blurred vision.  These statements are not hearsay, as defined by Fed. R. Evid. 801, because they are prior consistent statements that can be offered to rebut a charge of recent fabrication under Rule 801(d)(1)(B).  At the summary judgment stage, the Court may not make credibility determinations but must accept the facts favorable to the non-movant as true.  As such, viewed in the light most favorable to the plaintiff, the statements made at processing in JPCC establish a genuine issue of material fact.  Accordingly, however weak the plaintiff's case

8

may be, summary judgment is not appropriate.


## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion for summary judgment by the defendants is DENIED.


New Orleans, Louisiana, this 25th day of September, 2006.


_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE